**Ronnie MOON and Dennis Moon, Appellants,**

v.

**CITY OF PORT ARTHUR, Texas, Pleasure Island Commission, and Robert LeBlanc, Individually and in His Official Capacity as Administrator of Pleasure Island Commission.**

**No. 09 87 166 CV.**

Court of Appeals of Texas, Beaumont.

Jan. 28, 1988.

Rehearing Denied Feb. 17, 1988.

Donald B. Kelley, Dunn & Kelley, Orange, for appellants.

Doyle D. Curtis, Asst. City Atty., City of Port Arthur, Port Arthur, for appellees.

## OPINION

DIES, Chief Justice.

Appellants, plaintiffs below, filed this action against the City of Port Arthur, the Pleasure Island Commission, and the Commission's director for conversion of 130 crab traps and breach of a lease. Defendants moved for summary judgment, which was granted. Plaintiffs appeal, claiming under two points of error that a genuine issue of material fact exists as to both the alleged conversion and the alleged breach of lease.

In order to show himself entitled to a summary judgment, a movant has the burden of showing that there exists no genuine issue of material fact and that his defense is established as a matter of law. *TEX.R.CIV.P. 166a(c)*; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979); *CKB & Assocs., Inc. v. Moore McCormack Petro., Inc.*, 734 S.W.2d 653, 655 (Tex.1987). The summary judgment evidence in this case consisted of the affidavits of the director of the Commission, his secretary, and the third party to whom Appellants had given the crab traps, as well as deposition testimony of the director of the Commission and Appellants Ron and Dennis Moon.

Appellants' first point of error attacks the trial court's summary judgment on their claim of conversion of 130 crab traps which Appellants had left in the leased premises after expiration of the primary term of the lease. Appellees argue in part that the summary judgment was properly granted because Appellants had given their right to possession of the traps to a third party. It has been said that conversion is concerned with possession, not title, and is complete where a person unlawfully and wrongfully exercises dominion and control over the property of another to the exclusion or in defiance of the right of posses-

sion of the owner or of the person entitled to possession of the property involved. *P & T Mfg. Co. v. Exchange Sav. & Loan Ass'n,* 633 S.W.2d 332 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

There is no dispute that after the 130 crab traps had been removed from the leasehold and stored by the Commission, Appellant Ron Moon told John T. Johnson that he could have as many of the traps as he could obtain from the Commission. Ron Moon wrote a short note to that effect so Johnson could secure a release of the traps from the Commission. Ron Moon testified to both these facts by deposition. Whatever control the Commission asserted was not in contravention of any rights which Appellants may have had in the traps, thus no action for conversion may lie.

In addition, where a landlord lawfully retakes possession of the leasehold, removes the personal belongings of a tenant without intent to appropriate them, and holds the property subject to the tenant's order, the landlord is not guilty of conversion of such belongings. *Alsbury v. Linville,* 214 S.W. 492 (Tex.Civ.App.—San Antonio 1919, writ dism'd). Appellants admit that the lease had expired, that they did not exercise their option to renew in accordance with the terms of the lease, and that no new lease had been renegotiated. Thus, the Commission had the right to retake possession of the estuary and store the traps subject to Appellants' ordered disposition. It was also undisputed that the Commission surrendered the traps to John T. Johnson upon his demand and Appellants' direction. Summary judgment on the issue of conversion was properly granted and Appellants' first point of error is overruled.

Appellants' assertion that Appellees breached the lease arises from a dispute over the meaning of paragraph III of the lease, which provides that "[s]aid property shall be used for the production, raising, and harvesting of marine life, specifically shrimp." After execution of the lease, Appellants were unable to acquire post-larvae shrimp to stock the leasehold. The Commission subsequently prohibited Appellants from using the estuary as a redfish farm with the result that Appellants suffered alleged damages of $20,000.

A contract is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Id.* at 394. If, however, the written instrument is worded so that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Id.* at 393.

The word "specific" has been defined as "[p]recisely formulated or restricted; definite; explicit; of an exact or particular nature. Having a certain form or designation; observing a certain form; particular; precise; tending to specify, or to make particular, definite, limited or precise." BLACK'S LAW DICTIONARY 726 (5th ed. abridged 1983). Thus, use by the parties of the word "specifically" indicates that the type of marine life to be farmed was limited to shrimp and that the term "marine life" was used merely to describe shrimp. We hold that the disputed clause is unambiguous and overrule Appellants' second point of error.

The judgment of the trial court is affirmed.