11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

T. C. Mazurek as President and Registered Agent of

Mazurek Land and Cattle, Inc. and Mazurek Land and

Cattle, Inc.

 

Appellants

Vs.                   No.  11-00-00375-CV B Appeal from Comanche County

Norman Chandler, Doris Chandler, and Adelle
Waggoner

Appellees

 

T. C.
Mazurek owns property in Comanche County. 
Mazurek=s property is bound on the north by property
owned by Adelle Waggoner and on the west by property owned by Norman and Doris
Chandler.   Mazurek removed two existing fences and built two new fences
dividing his property from the Chandlers and Waggoner. The Chandlers and
Waggoner sued to establish their ownership to the land that had been under the
fences which Mazurek tore down.  Trial
was held before a jury.

Waggoner
testified that, when Mazurek set a new fence line on the southern boundary of
her property, he did not follow the old fence line.  Norman Chandler testified that Mazurek built part of the new
fence bordering the Waggoner property in 1991. 
In 1998, Mazurek completed building the fence he began in 1991.  Waggoner testified that the new fence was
set about 102 feet north of the old fence line. 

Norman
Chandler testified that, in 1997, he had assisted Mazurek in rebuilding an old fence
on the eastern boundary of his property, dividing his property from Mazurek=s. 
The fence that they rebuilt was located where a fence had been placed
for as long as Chandler could remember. 
In 1998, Mazurek built a new fence west of the old fence line.  The distance between the old fence and the
new fence was between 20 and 26 feet. 








The jury
found that the Chandlers had adversely possessed the property which comprises
the east boundary line, a fence which had been in place for more than 25
years.  The jury awarded attorney=s fees of $5,220 to the Chandlers.  The jury also found that Waggoner had
adversely possessed the property which comprises her south boundary line, which
was located  along the survey line where
the old fence had been.  The jury also
awarded Waggoner $5,220 in attorney=s fees.  Mazurek appeals.  We affirm.

Mazurek
brings eight issues on appeal.  The
essential issue in the first seven points of error is  Mazurek=s
complaint that the pleadings and judgment fail to describe the lands in dispute
with enough particularity to meet the requirements of a trespass to try title
suit. 

Trespass
to try title is a statutory proceeding. 
TEX.R.CIV.P. 783.  The property
sought to be recovered must be described with particularity.  Rule 783(b).  The Chandlers and Waggoner assumed the burden of describing the
real estate with sufficient certainty to identify the land.  Jones v. Mid-State Homes, Inc., 356 S.W.2d
923, 925 (Tex.1962); Valadez v. Barrera, 647 S.W.2d 377, 381 (Tex.App. - San
Antonio 1983, no writ).  A defendant
sued in formal action in trespass to try title for the recovery of real estate
in the possession of another must recover, if at all, upon the strength of his
own title and not upon the weakness or lack of title of his adversary.  In order for the Chandlers and Waggoner to
prevail in this statutory action, they must prove their own title and cannot
rely upon the weakness or defects in the title or proof of Mazurek.  United Savings Association of Texas v.
Villanueva, 878 S.W.2d 619, 622 (Tex.App. - Corpus Christi 1994, no writ).  One who claims title by adverse possession
must establish by pleading and proof that the land he claims is identifiable
and can be located in order to show his interest in it.

In his
first two issues, Mazurek urges that the trial court awarded property to the
Chandlers and Waggoner that was not described in their original petition.  TEX.R.CIV.P. 301 requires the judgment of
the court to conform to the pleadings.[1]  A trial court cannot grant relief to a party
in the absence of pleadings supporting that relief.  Moreno v. Moore, 897 S.W.2d 439, 442 (Tex.App. B Corpus Christi 1995, no writ).

In the
petition, the Chandlers describe their property by metes and bounds and by
reference to the recorded deeds in the deed records of Comanche County. The
Chandlers sued to restore the boundary between their lands and Mazurek along
the old fence line which had been built adjacent to an abandoned public road.  








We agree
with Mazurek that the petition in this case is inartfully drawn.  For example, the petition repeats Roman
numerals in separating its paragraphs so that we must refer to them by the page
on which they occur.   

In the
petition, Paragraph Nos. V & VI on Page No. 4  recite:

V.

In the
alternative, PLAINTIFFS CHANDLER acquire title to the property the subject of
this suit by deed dated June 30, 1973. 
A copy of this deed is attached as Exhibit AC@ and incorporated by reference. 
The metes and bounds description in the deed places the property line
approximately fifteen feet east of the present location of the new fence
constructed by Defendant.

 

VI.

More
specifically, PLAINTIFFS CHANDLER have used the property by maintaining fence,
farming, paying taxes, possessing and running livestock.  The maintained fences were and are the true
and correct boundary between the PLAINTIFFS CHANDLER and Defendant.  The fences have been located at the same
location for more than forty years with PLAINTIFFS CHANDLER and Defendant
rebuilding the boundary fence at same location less than three months before
Defendant decided to move the boundary line and erect a new fence on PLAINTIFFS
CHANDLER=s property.

 

Also, the petition
incorporates a demand letter from the Chandlers= attorney to Mazurek as an exhibit. 
That letter states in part: AYou have gone into unlawful possession of a portion of this land when
you constructed a fence approximate twenty-six (26) feet west of the previous
boundary fence.@  

At trial, Roy
Edward Pfingsten, a registered professional land surveyor, testified and
introduced as an exhibit a survey sketch showing the property lines and the old
and new fence lines.  We have attached
our copy of this exhibit to our opinion as an appendix.  Our lines are not to scale, and we include
this copy for clarity in understanding the issues on appeal.  In the judgment, the property was described
by referring to the deed as recorded in Volume 391, Page 194 of the deed
records of Comanche County, as well as Athe red highlighted line on Exhibit >A=@ which is attached to the judgment.  Exhibit AA@ is Pfingsten=s survey sketch.  The red line
is clearly east of the represented existing fence line constructed by Mazurek
and on the east border of the abandoned road. 








Although
inartful, the pleadings in this case describe the Chandlers= land with enough particularity to satisfy
the trespass to try title statute.  The
petition describes the Chandlers= property by metes and bounds and deed references.  The petition identifies the area of land in
dispute.[2]  The testimony identifies the property in
dispute.  The judgment refers to the red
line on the survey.  That boundary can
be located on the ground.  The pleadings
support the judgment.  Mazurek=s first issue is overruled.

In the
petition, Waggoner described her property by metes and bounds and by reference
to the recorded deeds in the deed records of Comanche County.  Waggoner sued to restore the boundary
between her land and Mazurek=s along the original survey lines where the original fence had
been.  By the calls in the deed, the
south boundary line of Waggoner=s property is the south boundary line of the E.T.RR. Co. Survey,
Section No. 33, Abstract No. 310, Comanche County.  At trial, Pfingsten testified and introduced as an exhibit a
survey sketch showing the property lines and the old and new fence lines.  In the judgment, Waggoner=s property was described by metes and bounds
and by reference to its recordation in the deed records.  The judgment also attaches as an exhibit
Pfingsten=s survey sketch introduced at trial and makes
reference to a blue line on the exhibit.  
The blue line is clearly south of the represented existing fence line
constructed by Mazurek.  Also, the blue
line runs directly on top of the survey lines being the south line of Waggoner=s property and the north boundary line of
Mazurek=s property which is the Sabino Draper Survey.


The
property descriptions in both the pleadings and the judgment are
sufficient.  Mazurek=s second issue is overruled.








In his
third issue, Mazurek urges that the trial court erred in admitting Plaintiffs= Exhibit No. 19 because the legal description
was at variance with the legal description in plaintiffs= original petition. Upon review of Plaintiffs= Exhibit No. 19, we cannot identify the
variance Mazurek complains of between the exhibit and the plaintiffs= pleadings. 
After considering the pleadings and the exhibit, we have determined that
there is no ascertainable variance and that the trial court did not err in
admitting the exhibit.   Mazurek=s third issue is overruled.

Because
Mazurek=s fourth and seventh issues are based on the
sufficiency of the evidence to support the verdict, we will address both issues
here.

In his
fourth issue, Mazurek asserts that the trial court erred in failing to grant
his motion for judgment non obstante veredicto.  A judgment notwithstanding the verdict is proper only if there is
no evidence supporting the jury=s findings.  Wigglesworth
Company v. Peeples, 985 S.W.2d 659, 663 (Tex.App. - Fort Worth 1999, pet=n den=d).  If there is some probative
evidence supporting the verdict, we must affirm the trial court=s denial of the motion.  Wigglesworth Company v. Peeples, supra at
663.  In determining the propriety of
the judgment notwithstanding the verdict, the appellate court reviews the
evidence to determine if there is any evidence, more than a scintilla,
supporting the verdict.  Artripe v.
Hughes, 857 S.W.2d 82, 85 (Tex.App. - Corpus Christi 1993, writ den=d). 
If there is more than a scintilla of evidence supporting the verdict, a
judgment notwithstanding the verdict is improper. Artripe v. Hughes, supra at
85.

In his
seventh issue, Mazurek claims that the trial court erred in entering judgment
because there is no evidence to support the judgment of the trial court.  In reviewing a no-evidence issue, the
reviewing court must consider all of the record evidence in a light most
favorable to the prevailing party and must indulge every reasonable inference
in favor of the prevailing party. 
Associated Indemnity Corporation v. CAT Contracting, Inc., GTS, 964
S.W.2d 276, 285-86 (Tex.1998).  Any
evidence supporting the jury=s finding that is of probative value and that is more than a scintilla
is legally sufficient to uphold the finding. 
Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla exists when the
evidence supporting the finding as a whole rises to the level that would enable
reasonable and fair-minded people to differ in their conclusions. Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997), cert. den=d, 523 U.S. 1119 (1998).

While it
may review the factual sufficiency of the evidence supporting a jury finding to
prevent a manifestly unjust result, a court of appeals may not set aside such a
finding merely because the appellate court believes that it would have reached
a different and more reasonable result than the jurors.  Jaffe Aircraft Corporation v. Carr, 867
S.W.2d 27, 28 (Tex.1993).








The
Chandlers purchased their 8.57-acre tract in 1973 but had been living on the
property since 1957.  Norman Chandler
had lived in the area since he was a child. 
Norman Chandler testified that there had been a fence at the same
location separating his tract of land from the tract to the east for as long as
he could remember.  Norman Chandler
received a certified letter giving notice that Mazurek was building a fence
approximately two days after the fence on the east side of his property was
finished in 1998.  

Waggoner
testified that in 1989 her husband deeded to her the 193-acre tract which
shares a common boundary with the Chandlers.  Waggoner said that her family had owned the land for as long as
she could remember.  She stated that, to
her knowledge, the fence line on the southern border of the property had not
ever changed prior to Mazurek=s purchasing the property in 1990. 
Waggoner did not receive notice from Mazurek when the fence line
changed.  Using pictures, Waggoner
demonstrated for the jury where the old fence had been located and where the
new fence was built.  She illustrated
that Mazurek did not follow the old fence line when he built the new fence. 

There is
more than a scintilla of evidence to support the verdict.  Therefore, the trial court=s refusal to grant the motion for judgment
non obstante veredicto was proper. 
Mazurek=s fourth issue is overruled.  As to Mazurek=s seventh issue, we find that there is sufficient evidence to support
the judgment.  Mazurek=s seventh issue is overruled.

In his
fifth issue, Mazurek urges that the trial court erred in failing to provide a
legal description of the Aland in controversy@ as contained in Question Nos. 1, 2, 4, and 5 in the charge of the court.  

Error
in the charge is reversible only if harmful. 
TEX.R.APP.P. 44.1; Akin v. Santa Clara Land Company, Ltd., 34 S.W.3d
334, 345 (Tex.App. - San Antonio 2000, pet=n den=d).  An error in the charge is harmful if it
caused or was reasonably calculated to cause, and probably did cause, the
rendition of an improper judgment.  Rule
44.1(a); Akin v. Santa Clara Land Company, Ltd., supra at 345.  The standard of review for an alleged error
in the jury charge is abuse of discretion. 
Akin v. Santa Clara Land Company, Ltd., supra at 345.  An abuse of discretion occurs when a trial
court acts without reference to any guiding principle.  Akin v. Santa Clara Land Company, Ltd.,
supra at 345.








The
trial testimony in this matter repeatedly referred to two tracts of land.  Question Nos. 1 and 2 in the court=s
charge specifically refer to adverse possession by the Chandlers, inferring
that the Aland
in controversy@ was
that area between the old fence and new fence on the Chandlers= east
boundary.  Similarly, Question Nos. 4
and 5 refer to the adverse possession by Waggoner and her family, inferring
that the Aland
in controversy@ was
that area between the old fence and new fence on Waggoner=s
south boundary.  The questions in the
charge were sufficiently specific to avoid the probable rendition of an
improper judgment.  Mazurek=s
fifth issue is overruled.

In
his sixth issue, Mazurek asserts that the trial court erred in failing to provide
a legal description of the Aroad in controversy@ as
contained in Question No. 8 of the court=s charge and in submitting a
theory of recovery under TEX. TRANSP. CODE ANN. ' 251.057 (Vernon 1999) when this
section was not pleaded in plaintiffs= original petition.  

Mazurek=s
assertion that a theory of recovery was submitted under the Transportation Code
is incorrect.  While reference was made
to the subject matter contained in the Transportation Code during trial, no
question submitted in the charge refers to the language contained in Section
251.057.[3]  As to the failure to provide a legal
description of the road in controversy in Question No. 8 of the court=s
charge, the road referred to was discussed throughout the trial because it was
an old road in the area which was also the location of the eastern boundary of
the Chandlers=
property. We find that the error, if any, was harmless.  Rule 44.1(a).  Mazurek=s sixth issue is overruled.

In
his eighth issue, Mazurek asserts that, if the trial court erred in rendering
judgment in favor of appellees, the trial court erred in awarding attorney=s fees
to appellees.  The trial court awarded
the Chandlers $5,220 as reasonable and necessary attorney=s
fees.  The trial court awarded Waggoner
$5,220.  We find that the trial court
did not err in rendering judgment in favor of appellees.  Mazurek=s eighth issue is overruled.








The
judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

April 11,
2002

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J.,
and

Wright, J., and McCall, J.








                                                                    APPENDIX

 

 

 











[1]Rule 301 states: AThe
judgment of the court shall conform to the pleadings, the nature of the case
proved and the verdict, if any, and shall be so framed as to give the party all
the relief to which he may be entitled either in law or equity.@





[2]TEX.R.CIV.P. 47(a) states in part:

 

An original pleading which sets forth a claim for relief, whether an
original petition, counterclaim, cross-claim, or third party claim, shall
contain (a) a short statement of the cause of action sufficient to give fair
notice of the claim involved.





[3]Section 251.057 reads as follows: 

 

(a) A country road is abandoned when its use has become
so infrequent that one or more adjoining property owners have enclosed the road
with a fence continuously for at least 20 years.  The abandoned road may be reestablished as a public road only in
the manner provided for establishing a new road.  

 

(b) This section does not apply to:

 

(1) a road to a cemetery; or 

(2) an access road that is reasonably necessary to reach adjoining real
property.