

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00263-CV

In the Interest of **H.O.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-EM5-01553
Honorable Karen H. Pozza, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                  Marialyn Barnard, Justice
                  Rebeca C. Martinez, Justice

Delivered and Filed:  May 20, 2015

AFFIRMED

This appeal is from a final judgment in a paternity suit. In two issues, the child's mother, Griselda Ortiz, argues the trial court abused its discretion by not ordering retroactive child support and by ordering current child support in the amount of $1500.00 per month. We affirm.

### BACKGROUND

In 1996, Ortiz met Carlos Guerrero. The two had a romantic relationship. At the time, Ortiz and Guerrero were living in Mexico. Guerrero was a physician. Ortiz was a nurse. Ortiz began working in a medical clinic owned by Guerrero. In 1997, Ortiz gave birth to H.O. Guerrero was present at H.O.'s birth. After H.O.'s birth, Ortiz continued to work for Guerrero and the two continued to be romantically involved. In 2004, Ortiz and Guerrero's relationship ended, and Ortiz and H.O. moved to San Antonio, Texas.

In March 2012, the Texas Attorney General filed a suit to establish the parent-child relationship, in which it alleged that Guerrero was H.O.'s father. At first, Guerrero admitted paternity, but he later withdrew his admission of paternity and requested genetic testing. Genetic testing was performed and it established that Guerrero was H.O.'s biological father. In October 2013, the trial court held a hearing on the merits. Ortiz and Guerrero testified about matters related to child support. After hearing the evidence, the trial court ordered Guerrero to pay current child support of $1500.00 per month but ordered no retroactive child support. Ortiz appealed.

### STANDARD OF REVIEW

We review a trial court's orders for retroactive and current child support for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In the Interest of B.R.*, 327 S.W.3d 208, 210 (Tex. App.—San Antonio 2010, no pet.), *disapproved of on other grounds by Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011). A trial court abuses its discretion when it acts without reference to any guiding principles or rules. *Worford*, 801 S.W.2d at 109; *B.R.*, 327 S.W.3d at 210. In determining whether the trial court abused its discretion, we do not substitute our judgment for that of the trial court, and we will not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *B.R.*, 327 S.W.3d at 210-11 (citing *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding)). The trial court does not abuse its discretion if there is some evidence of substantive and probative character to support its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *id.* at 211.

### RETROACTIVE CHILD SUPPORT

In her first issue, Ortiz argues the trial court abused its discretion in finding that Guerrero had supported the child since birth and in failing to order retroactive child support.

The Texas Family Code provides that, upon a finding of parentage in a paternity action, a trial court may order retroactive child support as provided by Chapter 154 of the Family Code.

TEX. FAM. CODE ANN. § 160.636(g) (West 2014). In determining whether to order retroactive child support, the trial court must consider the net resources of the obligor during the relevant time period, and whether (1) the mother had made any previous attempts to notify him of his paternity or his probable paternity; (2) the obligor had knowledge of his paternity or probable paternity; (3) the order will impose an undue hardship on the obligor or his family; and (4) the obligor has provided actual support or other necessaries before the filing of the action. TEX. FAM. CODE ANN. § 154.131(b) (West 2014). Section 154.131 does not bind the trial court to the listed factors in determining retroactive child support. *B.R.*, 327 S.W.3d at 212; *Garza v. Blanton*, 55 S.W.3d 708, 709 (Tex. App.—Corpus Christi 2001, no pet.). The statutory language vests the trial court with discretion as to whether or not to award retroactive child support. *B.R.*, 327 S.W.3d at 212; *In the Interest of Guthrie*, 45 S.W.3d 719, 727 (Tex. App.—Dallas 2001, pet. denied). Retroactive child support is not mandatory. *Randolph v. Randolph*, 14-04-00180-CV, 2005 WL 2276873, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2005, no pet.). A trial court has discretion in deciding whether to award retroactive child support, and in deciding the amount of the award. *In the Interest of Valadez*, 980 S.W.2d 910, 913 (Tex. App.—Corpus Christi 1998, no pet.); *In the Interest of J.H.*, 971 S.W.2d 550, 551 (Tex. App.—San Antonio 1997, no pet.).

At the hearing, Guerrero testified that he and Ortiz had an agreement about child support since the time H.O. was born. According to Guerrero, he and Ortiz agreed that every month he would pay her an amount equal to the "normal" salary of a nurse in Mexico. After Ortiz stopped working at Guerrero's clinic, Guerrero continued to pay monthly child support payments to Ortiz by depositing funds into her bank account. This occurred from August 2004 to April 2012.[1] Guerrero further stated that sometimes Ortiz would call him and tell him that she needed a little

---

[1]Temporary orders required Guerrero to begin paying Ortiz current child support on May 1, 2012.

bit more money and, when he could, he would give it to her. In her testimony, Ortiz acknowledged that Guerrero had deposited funds into her bank account, but she insisted that these payments were not for child support. According to Ortiz, the funds deposited into her bank account represented money that was owed to her from the time she had worked in Guerrero's clinic. Ortiz testified that, after H.O. was born and while she was still working for Guerrero, she and Guerrero had agreed that he would withhold a portion of her salary and set it aside so that he could buy an apartment for her. Ortiz maintained that according to this agreement, Guerrero would use the funds he withheld from her salary along with some of his own funds to buy her an apartment. In his testimony, Guerrero denied that he ever had an agreement with Ortiz to withhold a portion of her salary to buy an apartment for her. Guerrero further testified that the purpose of the funds he deposited into Ortiz's account was to provide support for H.O.

With respect to the resolution of factual issues, we may not substitute our judgment of that of the trial court. *Walker*, 827 S.W.2d at 839-40. Even if we would have decided the issue differently, we cannot disturb the trial court's ruling unless it is shown to be arbitrary or unreasonable. *Id*. Here, in light of the conflicting testimony about the purpose of the payments made to Ortiz, we cannot say the trial court abused its discretion. The trial court could have believed Guerrero's testimony that the payments he made to Ortiz were for child support, and disbelieved Ortiz's testimony that the payments represented monies previously withheld from Ortiz's salary.

Furthermore, in deciding whether or not to order retroactive child support, one of the factors a trial court may consider is whether the obligor provided actual support or other necessaries before the filing of the action. *See* TEX. FAM. CODE ANN. § 154.131(b)(4). Even when the amount of voluntary support provided by an obligor is limited, a trial court acts within its discretion in denying retroactive support. *Randolph*, 2005 WL 2276873, at \*2; *Guthrie*, 45 S.W.3d

at 729; *J.H.*, 961 S.W.2d at 552. In this case, there was evidence that Guerrero provided some actual support before the suit was filed. A trial court does not abuse its discretion if there is some evidence of substantive and probative character to support its decision. *Butnaru*, 84 S.W.3d at 211; *B.R.*, 327 S.W.3d at 211. We, therefore, cannot say that the trial court acted without any guiding principles or rules. We conclude the trial court did not abuse its discretion in failing to order retroactive child support. Ortiz's first issue is overruled.

## CURRENT CHILD SUPPORT

In her second issue, Ortiz argues the trial court abused its discretion when it refused to admit evidence she offered in support of her request to set the current child support above the child support guidelines based on the "proven needs" of the child. *See* TEX. FAM. CODE ANN. § 154.126 (West 2014).

Section 154.126 provides that if the obligor's net resources exceed the amount provided by Texas Family Code section 154.125(a), the trial court shall presumptively apply the percentage guidelines to the portion of the obligor's net resources that does not exceed that amount, and without further reference to the percentage recommended by these guidelines, the trial court may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child. *Id.*

In this case, the trial court set current child support above the amount specified under the child support guidelines because Ortiz has possession of the child one hundred percent of the time and Guerrero has no contact with the child. *See* TEX. FAM. CODE ANN. § 154.123(b)(4) (West 2014) (providing that the amount of possession and access to a child is a factor a court can consider in determining whether application of the child support guidelines would be unjust or inappropriate). Nevertheless, Ortiz argues that had she been allowed to present evidence

concerning H.O.'s proven needs, the trial court would have further increased the amount of current child support.

On direct examination, Ortiz's counsel attempted to elicit testimony from Ortiz concerning H.O.'s proven needs. Guerrero's counsel objected to this testimony on the ground that Ortiz failed to respond to related discovery. The trial court sustained the objection. *See* TEX. R. CIV. P. 193.6(a),(b) (providing that a party who fails to timely respond to discovery may not introduce in evidence the material or information at trial, absent a showing of good cause or a lack of unfair surprise or prejudice). Ortiz did not make an offer of proof to establish the substance of the excluded testimony.

We may not reach the issue of whether evidence was erroneously excluded unless the complaint has first been preserved for review. *Sink v. Sink*, 364 S.W.3d 340, 346 (Tex. App.— Dallas 2012, no pet.). "Error is not preserved with regard to the exclusion of evidence unless the substance of the evidence was made known to the trial court by offer, or was apparent from the context [in which] the questions were asked." *Akin v. Santa Clara Land Co., Ltd.*, 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied); *see Sink*, 364 S.W.3d at 347. "The failure to make an offer of proof containing a summary of the excluded witness's intended testimony waives any complaint about the exclusion of the evidence on appeal." *Akin*, 34 S.W.3d at 339; *see Sink*, 364 S.W.3d at 347. Here, the substance of Ortiz's testimony on H.O.'s proven needs is not apparent from the record. Because there was no offer of proof concerning the substance of the excluded testimony, Ortiz has failed to preserve this issue for appeal. Ortiz's second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice