COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TONY TRUJILLO, | § | No. 08-08-00299-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law |
| SYLVESTER CARRASCO, | § | |
| | | of Reeves County, Texas |
| Appellee. | § | |
| | | (TC# 3989C) |
| | § | |

**O P I N I O N**

Carrasco brought suit against Trujillo for damages sustained from the deaths of his fowl allegedly caused by Trujillo's dog. The Justice Court rendered judgment in favor of Carrasco, and Trujillo appealed to the County Court. After amended petitions were filed and a bench trial held on the same, the trial court rendered judgment in favor of Carrasco and ordered Trujillo to pay $2,000 in damages. We reverse.

**BACKGROUND**

Carrasco resided just outside the city limits of Pecos, Texas, where he raised and sold roosters and hens that were kept in fenced pens and cages. Each rooster was valued between $125 and $150, and each hen was worth around $100. On the morning of January 3, 2007, Carrasco saw a pack of dogs jumping out of his pens after having killed nineteen roosters and three hens.[1] Although some of the dogs escaped, Carrasco was able to corral two. One of those dogs was a black labrador, and the other was a chocolate labrador. The black labrador had a collar and tag, which was

---

[1] Carrasco did not see any of the dogs actually kill the roosters or hens, nor does he know which dog killed which rooster or hen.

removed to identify the owner. Carrasco made a report with the sheriff's department, and the next day, the animal control officer took the dogs. The dog with the collar was later returned to his owner, Trujillo.

Trujillo, who lives inside the city limits, kept his dog in a pen in the backyard. But on January 3, 2007, the dog was missing and the gate to the pen was opened. Although Trujillo's backyard is also fenced, there are holes underneath the fence, which presumably, is how the dog escaped. The dog had escaped once before, but there was no evidence that the dog had any vicious tendencies.

Carrasco later sued Trujillo for negligence per se and negligence. After rendering judgment for Carrasco, the trial court entered findings of fact and conclusions of law. Those relevant findings included the applicable city code ordinances that required owners to restrain their dogs and proscribed owners from allowing their dogs to run at large within the city. And the relevant fact findings were that Trujillo lived inside the city limits, that the city ordinances applied to Trujillo, that Trujillo's dog previously ran at large, in violation of the city code, that Trujillo's dog ran at large on January 3, 2007, that his dog entered Carrasco's property, which was outside the city limits, and killed nineteen roosters and three hens, and that the dog caused $2,000 in damages to Carrasco's fowl. The trial court then concluded that Trujillo owed a duty to Carrasco, that Trujillo breached that duty by allowing his dog to run at large previously and on January 3, 2007, causing damage to Carrasco, and that the act of Trujillo's dog running at large violated the city code and constituted negligence per se, making Trujillo liable for any damages to Carrasco's property.

**DISCUSSION**

On appeal, Trujillo brings five issues. The first is that the trial court erred by holding him liable for negligence per se when Carrasco was not within the class of persons the violated ordinance

was designed to protect, the second is that the trial court erred by holding him liable for negligence when Carrasco failed to tender a written amended pleading alleging the cause of action, and the third, fourth, and fifth issues are that the evidence is legally insufficient to support a finding of negligence and negligence per se. Finding negligence per se inapplicable and that no evidence establishes negligence, we reverse.

## *Negligence Per Se*

Trujillo's first issue asserts that he cannot be held liable for negligence per se when the violated city ordinance was not designed to protect individuals living outside the city limits. We agree. To prove negligence per se, Carrasco was required to show that a statute or ordinance was violated and that such violation was the proximate cause of his damages. *See Moughon v. Wolf*, 576 S.W.2d 603, 604 n.2 (Tex. 1978); *Durham v. Zarcades*, 270 S.W.3d 708, 718-19 (Tex. App. – Fort Worth 2008, no pet.). Moreover, Carrasco was required to show that the statute was designed to prevent injury to a class of persons to which he belongs. *See Zavala v. Trujillo*, 883 S.W.2d 242, 246 (Tex. App. – El Paso 1994, writ denied); *Chapa v. Club Corp. of America*, 737 S.W.2d 427, 429 (Tex. App. – Austin 1987, no writ).

Here, the trial court found that the city's ordinances proscribing dogs from running at large was violated. However, nothing in the record indicates that the violated ordinance was designed to protect individuals that lived outside the city limits. In fact, the sheriff's deputy and animal control officer testified that the city ordinances did not apply as the injury occurred outside the city limits. Further, even Carrasco acknowledged that he resided outside the city limits so that the city ordinance would not apply to him. As no evidence exists that Carrasco, who lived outside the city, belonged to the class of persons the city ordinances were designed to protect, Trujillo was not liable under the theory of negligence per se. *See Kelly v. Brown*, 260 S.W.3d 212, 219 (Tex. App. – Dallas 2008,

pet. denied) (holding that train, not automobile driver, was within the class of persons the statute, which required automobile drivers to yield the right of way to trains at railroad crossings, was designed to protect). Accordingly, we sustain Trujillo's first issue.

*Negligence*

In his fifth issue, Trujillo challenges the legal sufficiency of the evidence to support negligence. According to Trujillo, there was no evidence of proximate cause. We agree.

When a party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 579 (Tex. App. – El Paso 2004, pet. denied). A legal sufficiency or "no evidence" challenge will be sustained on appeal if the record shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Carrasco v. Stewart*, 224 S.W.3d 363, 367 (Tex. App. – El Paso 2006, no pet.), *citing City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). We view the evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable juror could, and disregarding contrary evidence if a reasonable juror could not. *City of Keller*, 168 S.W.3d at 807. We also indulge every reasonable inference that would support the verdict. *Id*. at 822. But if the evidence allows only one inference, the trier of fact may not disregard it. *Id*. When a no-evidence point of error rests on the competency of the evidence, we may not disregard contrary evidence showing it to be incompetent. *Id*. at 812.

The elements of an action for injuries caused by the negligent handling of an animal are that: (1) the defendant was the owner or possessor of an animal; (2) the defendant owed a duty to exercise reasonable care to prevent the animal from injuring others; (3) the defendant breached that duty; and

(4) the defendant's breach proximately caused the plaintiff's injury. *Allen ex rel. B.A. v. Albin*, 97 S.W.3d 655, 660 (Tex. App. – Waco 2002, no pet.), *citing Marshall v. Ranne*, 511 S.W.2d 255, 259 (Tex. 1974); *Dunnings v. Castro*, 881 S.W.2d 559, 561-62 (Tex. App. – Houston [1st Dist.] 1994, writ dism'd). Foreseeability, a necessary component of proximate cause in a suit for negligence, requires the plaintiff to establish that a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). Although foreseeability does not require a person to foresee the particular accident or injury that in fact occurs, *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988), it does require that (1) the injury be of such a general character as might reasonably have been anticipated, and (2) the injured party be so similarly situated in relation to the wrongful act that the injury to him or to someone similarly situated might reasonably have been foreseen. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 551 (Tex. 1985). The inquiry is whether the injury might reasonably have been contemplated as a result of the defendant's conduct. *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987).

Here, Trujillo asserts that Carrasco failed to prove that the dog was vicious or dangerous. However, in an animal negligence suit, the plaintiff is not required to prove that the animal was vicious or dangerous.[2] *Allen*, 97 S.W.3d at 660; *Dunnings*, 881 S.W.2d at 562-63. Indeed, an owner of a domestic animal is required to know those dangerous propensities normal to its class. *See Dunnings*, 881 S.W.2d at 562, *citing* RESTATEMENT (SECOND) OF TORTS § 518.

---

[2] The plaintiff is only required to prove knowledge of the animal's vicious propensities under the common-law theory of strict liability. *See Allen*, 97 S.W.3d at 660; *Villarreal v. Elizondo*, 831 S.W.2d 474, 477 (Tex. App. – Corpus Christi 1992, no writ). Carrasco did not plead common-law strict liability. Although Carrasco's amended petition included a heading for strict liability, it is clear that the content of his amended petition was invoking negligence per se as he was relying on the violation of city ordinances. *See Hodge v. Smith*, 856 S.W.2d 212, 214 n.1 (Tex. App. – Houston [1st Dist.] 1993, writ denied) ("The titles of the pleadings and other court documents are not controlling. We are to look at the substance of the pleadings and proceedings to determine what actually occurred.").

Nevertheless, the vicious nature of a dog or its class may be a factor, depending on the circumstances, in establishing foreseeability. *See Gill v. Rosas*, 821 S.W.2d 689, 691 (Tex. App. – El Paso 1991, no pet.); *Petry v. Gasca*, No. A14-93-00433-CV, 1994 WL 132772, at *2-3 (Tex. App. – Houston [14th Dist.] Apr. 14, 1994, no writ) (op., not designated for publication).

The trial court found that simply because the dog escaped from its pen, the injuries to Carrasco's fowl were foreseeable. However, Carrasco offered no evidence as to the dangerous propensities of escaped labradors, that such dogs are prone to hunting and killing fowl, or that they destroy property. Although labradors may exhibit these characteristics, it was incumbent on Carrasco to present such evidence or at the very least, ask the court to take judicial notice of a labrador's characteristics. Moreover, the mere fact that the dog had previously escaped its pen was insufficient to establish foreseeability that the dog would kill another's fowl when the city ordinances prohibited the keeping of fowl inside the city limits. Further, when the dog previously escaped, he did not cause harm to any place, thing, animal, or human being. Thus, when the dog escaped again, an ordinary person would not foresee, based on the evidence presented, that the dog would destroy another's fence and kill its fowl. Because Carrasco failed to show foreseeability, and therefore, proximate cause, the evidence is legally insufficient to support a finding of negligence. *See Gill*, 821 S.W.2d at 691; *Petry*, 1994 WL 132772, at *2-3. Accordingly, we sustain Trujillo's fifth issue.

**CONCLUSION**

Because we have held that Trujillo is not liable for negligence per se or negligence, which were the only theories of liability argued and found by the trial court, we need not address Trujillo's remaining issues.[3] Accordingly, we reverse the trial court's judgment and render judgment that

---

[3] The trial court concluded that Trujillo was liable for damages solely because he violated the running-at-large ordinance, not because he violated any other ordinances. And on appeal, the parties only contend that the trial court find Trujillo liable for negligence and negligence per se because Trujillo's dog ran at large.

Carrasco take nothing.

GUADALUPE RIVERA, Justice

June 30, 2010

Before Chew, C.J., Rivera, J., and Gomez, Judge
Gomez, Judge, sitting by assignment