COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH



NO. 2-09-294-CV

ROBERT CROWSON                                         APPELLANT

V.

STEVE BOWEN                                            APPELLEES
AND LEIGH BOWEN

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

## I. Introduction

In one point, Appellant Robert Crowson appeals the trial court's take nothing judgment on his negligence claim against Appellees Steve and Leigh Bowen (collectively "the Bowens"). We affirm.

## II. Factual and Procedural History

Crowson filed suit against the Bowens, claiming he was the victim of a dog attack proximately caused by the Bowens' negligent failure to secure their rottweiler, Roxy. The Bowens entered a general denial.

At the time of the incident, Crowson lived next door to the Bowens in a shed behind Howard Koon's house. Two fences separated the Bowens' yard from Koon's yard. The Bowens had a four-foot chain-link fence surrounding their property, and Koon had a wooden fence that was missing a number of planks around his.

At trial, Crowson testified that he walked along a path between the shed and Koon's house several times a day for various reasons, including to use Koon's shower and restroom. According to Crowson, on one of those occasions and without provocation from him, Roxy jumped over the Bowens' chain-link fence, entered Koon's yard through one of the gaps in the wooden fence, and bit him on the nose. The Bowens testified that Roxy was no more than two feet six inches tall, had hip dysplasia, and could not jump to the top of the chain-link fence.

The trial court admitted Crowson's medical records pertaining to the bite. The records contained notes written by a nurse that read, "per EMS: [patient] drinking [with] friends, neighbor on vacation, [patient] doesn't like dog, started

2

shooting [with] bebe [sic] gun, got too close to dog, dog bit him." Crowson admitted drinking at least eight beers before the incident but maintained that he did not shoot the BB gun until after Roxy bit him.

At the charge conference, Crowson objected to the submission of his negligence to the jury, arguing that neither the evidence nor the pleadings supported the question. Over Crowson's objections, the trial court submitted the following question to the jury:

> Did the negligence, if any, of those named below proximately cause the occurrence in question?
>
> Answer "Yes" or "No" as to each of the following:
>     a. Steve Bowen:   _____
> _____ b. Leigh Bowen:   _____
> _____ c. Robert Crowson:   _____

A separate question on damages instructed the jury not to reduce any damages it found as a result of the negligence, if any, of Crowson.

The jury found: (1) the Bowens were not the proximate cause of the occurrence, (2) Crowson was the proximate cause of the occurrence, and (3) there were zero dollars in damages. The trial court signed a take nothing judgment and subsequently denied Crowson's motion for new trial. This appeal followed.

### III. Jury Charge Error

In his sole point, Crowson asserts that the "[Bowens] did not plead that [Crowson] was negligent and therefore the issue of [his] negligence should not have been submitted to the jury."

Jury questions must be supported by the pleadings. *Gibbins v. Berlin*, 162 S.W.3d 335, 341 (Tex. App.—Fort Worth 2005, no pet.); *McReynolds v. First Office Mgmt.*, 948 S.W.2d 342, 345 (Tex. App.—Dallas 1997, no writ); *see also* Tex. R. Civ. P. 278 ("The court shall submit the questions, instructions, and definitions in the form provided by Rule 277, which are raised by the written pleadings and the evidence."). Although issues may be tried by consent, "written pleadings, before the time of submission, shall be necessary to the submission of questions . . . ." Tex. R. Civ. P. 67; *Gibbins*, 162 S.W.3d at 342. Trial by consent does not occur when the complaining party properly objects to the submission of issues not raised by the pleadings. *Harkey v. Tex. Employers' Ins. Ass'n*, 146 Tex. 504, 509, 208 S.W.2d 919, 922 (1948). Stated differently, trial by consent is precluded where proper objection is made on the record before submission to the jury. *Tex. Indus., Inc. v. Vaughan*, 919 S.W.2d 798, 803 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

We review claimed error in the jury charge under an abuse of discretion standard. *In re V.L.K.*, 24 S.W.3d 338, 341 (Tex. 2000). A clear abuse of

4

discretion exists when the trial court submits a jury question that is neither supported by the pleadings nor tried by consent. *Stephanz v. Laird*, 846 S.W.2d 895, 902 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *see also Webb v. Glenbrook Owners Ass'n*, 298 S.W.3d 374, 380 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g).

Here, Crowson filed suit against the Bowens for negligence. The Bowens responded with a general denial, which did not raise the issue of Crowson's negligence. At the charge conference, Crowson objected to the submission of his negligence to the jury on the ground that the pleadings did not support it. *See Harkey*, 146 Tex. at 509, 208 S.W.2d at 922 (concluding issues were not tried by consent when appellant made no objection to the evidence supporting unpleaded issues but did object to the submission of the issues to the jury). Despite Crowson's objection, the Bowens did not seek leave to amend or attempt to amend their answer prior to submission of the jury charge. Therefore, the trial court abused its discretion by submitting a question pertaining to Crowson's negligence that was neither supported by the pleadings nor tried by consent. *Webb*, 298 S.W.3d at 380; *Stephanz*, 846 S.W.2d at 902.

To obtain a reversal based on the trial court's error, however, Crowson must show that the error probably caused the rendition of an improper

5

judgment or probably prevented him from properly presenting his case to this court. *See* Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005). Submission of an improper jury question can be harmless error if the jury's answers to other questions render the improper question immaterial. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 752 (Tex. 1995); *see Pojar v. Cifre*, 199 S.W.3d 317, 348 (Tex. App.—Corpus Christi 2006, pet. denied) (noting a line of cases holding that when a jury finds no damages, findings on liability are immaterial and harmless). A jury question is immaterial when its answer can be found elsewhere in the verdict or when its answer cannot alter the effect of the verdict. *Alvarado*, 897 S.W.2d at 752. Submission of an immaterial issue is not harmful unless it confuses or misleads the jury, which we determine by considering its probable effect on the jury in light of the charge as a whole. *Id.*

Here, reading the charge as a whole, we do not find that the question submitted was ambiguous or misleading. The question asked the jury to determine separately the negligence of the Bowens and Crowson. A finding that the Bowens were not the proximate cause of the occurrence in question exonerated them from liability. Consequently, the question pertaining to Crowson's negligence was immaterial—in other words, any answer pertaining to Crowson's negligence would not have altered the verdict. *See Alvarado*,

6

897 S.W.2d at 752–53 (holding question of contributory negligence was harmless because once jury found defendant did not proximately cause the occurrence in question, defendant was exonerated of liability such that neither an affirmative nor a negative answer to plaintiff's negligence could have altered the verdict). Furthermore, putting the findings on liability aside, the jury unconditionally considered damages and awarded Crowson zero dollars in damages, which rendered the jury's findings on liability immaterial and harmless. *See Mitchell v. Chaparral Chrysler-Plymouth Sales, Inc.*, 572 S.W.2d 359, 360–61 (Tex. Civ. App.—Fort Worth 1978, writ ref'd n.r.e.) (concluding findings on issues of liability are immaterial and harmless when jury finds no damages). Thus, the submission of Crowson's negligence to the jury was not harmful error. *Id.* Accordingly, we overrule Crowson's sole point.

IV.  Conclusion

Having overruled Crowson's sole point, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL:  GARDNER and MCCOY, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: July 29, 2010

8