Amanda WARD, Appellant,

v.

ACS STATE AND LOCAL SOLU-TIONS, INC. d/b/a LDC Collec-tion Systems, Appellee.

No. 05-09-00557-CV.

Court of Appeals of Texas, Dallas.

Nov. 16, 2010.

**650**

Lloyd E. Ward, Lloyd Ward P.C., Dallas, for Appellant.

Jeffrey S. Levinger, Hankinson Levinger LLP, Dallas, for Appellee.

Before Justices MORRIS, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice RICHTER.

In this appeal from a no-evidence and traditional summary judgment, Amanda Ward contends the trial court erred in dismissing her claims against ACS State and Local Solutions, Inc. d/b/a LDC Collection Systems ("ACS") for negligence per se violations of the transportation code and occupations code, and for violation of the debt collection act. Concluding Ward's arguments are without merit, we affirm the trial court's judgment.

### I. BACKGROUND

ACS provides traffic signal enforcement systems to municipalities. On October 31, 2006, ACS entered into a contract with the City of Dallas for the maintenance, installation, and support of a red light enforcement system. On April 19, 2007, one of the red light cameras installed by ACS photographed Ward's vehicle driving through an intersection when the light was red. Ward subsequently received a notice of violation from the city. The notice advised that Ward could either contest the violation or pay the $75 fine on or before May 15, 2007. When Ward did neither, a $25 late fee was assessed.

ACS sent Ward a notice concerning the amount due and advised that Ward could dispute the validity of the obligation by providing ACS with written notice within thirty days. Ward did not dispute the obligation, but instead initiated this lawsuit.[1] In her original petition, Ward

_____

1. Ward ultimately paid the fine 20 months after receiving the original notice of the violation.

claimed ACS violated the fair credit reporting act and the deceptive trade practices act ("DTPA") by notifying her of its intent to report her delinquent account to a credit bureau. Several times throughout the course of the litigation, ACS moved for summary judgment and Ward supplemented her petition to add additional claims. On January 30, 2008, the trial court granted partial summary judgment in favor of ACS on claims Ward had asserted under the DTPA and the Texas Debt Collection Practices Act ("TDCA"). The case was removed to federal court where ACS moved to dismiss Ward's federal debt collection claim. Ward moved for leave to amend to add claims for negligence per se, negligence, and gross negligence. The federal court granted ACS's motion to dismiss the federal claim and remanded the case to the state court for a determination on Ward's request to add the new state law claims. Following remand, ACS moved for summary judgment on Ward's claims for negligence, gross negligence, and negligence per se violations of the transportation and occupations codes.[2] In the order granting the motion, the trial court concluded that while ACS was required to obtain a license under the occupations code, ACS was nonetheless entitled to summary judgment on the negligence per se claim based on this statutory violation because Ward produced no evidence to support a finding of proximate cause or damages. The trial court also granted summary judgment on Ward's remaining claims, and dismissed all of her claims with prejudice. Ward now appeals the trial court's grant of summary judgment in favor of ACS on her TDCA and negligence per se claims.

## II. STANDARD OF REVIEW

The standard of review for a traditional summary judgment is well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). We must determine whether ACS demonstrated that no genuine issues of material fact existed and it was entitled to judgment as a matter of law. *See id.* at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* Tex. R. Civ. P. 166a(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex. App.-Dallas 2000, no pet.). We must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Gen. Mills*, 12 S.W.3d at 833. When analyzing traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See Nixon*, 690 S.W.2d at 549; *Gen. Mills*, 12 S.W.3d at 833.

## III. DISCUSSION

■ We begin our analysis with Ward's challenge to the summary judgment in favor of ACS on her claim of negligence per se under Tex. Occ.Code Ann. § 1702.101 (West 2004). Chapter 1702 requires that any person who acts as an "investigations company" obtain an investigations company license. *See id.* Ward contends ACS was negligent per se when it provided red light cameras to the City of Dallas without first obtaining a license as required by the statute. ACS responds that the trial court erred in concluding it was required to obtain a license, but even if it was, Ward failed to demonstrate how ACS's failure to

---

2. The supplemental petition in which Ward presumably asserted claims for negligence, gross negligence, and negligence per se is not part of the record before us. However, in the motion for summary judgment, the response, and in the briefs on appeal, the parties do not dispute that these claims were before the court.

obtain a license was the proximate cause of her injury. In the alternative, ACS argues the injury stemming from Ward's red light violation is not the type of injury the statute was designed to prevent.

▇▇ Negligence per se is a concept adopted by the civil courts in which a duty is based on a standard of conduct created by a statute rather than on the reasonably prudent person test used in pure negligence claims. *Smith v. Merritt,* 940 S.W.2d 602, 607 (Tex.1997). To prove negligence per se, Ward was required to show that a statute or ordinance was violated and that such violation was the proximate cause of her damages. *See Moughon v. Wolf,* 576 S.W.2d 603, 604 n. 2 (Tex.1978); *see also Hudson v. Winn,* 859 S.W.2d 504, 508 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Ward was also required to show that the statute was designed to prevent injury to a class of persons to which she belongs. *See Trujillo v. Carrasco,* 318 S.W.3d 455, 458 (Tex.App.-El Paso 2010, no pet.).

▇▇ The components of proximate cause are cause-in-fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). These elements cannot be established by mere conjecture, guess, or speculation. *McClure v. Allied Stores of Tex., Inc.,* 608 S.W.2d 901, 903 (Tex.1980). The test for cause-in-fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Western Invs., Inc. v. Urena,* 162 S.W.3d 547, 551 (Tex.2005); *Marathon Corp. v. Pitzner,* 106 S.W.3d 724, 727 (Tex.2003). If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause-in-fact. *Urena,* 162 S.W.3d at 551; *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 799 (Tex. 2004). In other words, the conduct of the defendant may be too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm. *IHS Cedars Treatment Ctr.,* 143 S.W.3d at 799; *Arguelles v. Kellogg Brown & Root,* 222 S.W.3d 714, 731 (Tex.App.-Houston [14th Dist.] 2007, no pet.).

Ward did not dispute that her vehicle was involved in a traffic violation, nor did she contest her liability for the resulting fine. Her argument is premised on the notion that but for the operation of the red light camera that ACS installed, no citation would have been issued. Ward's emphasis on the fact that the red light camera was operational, however, is misplaced. ACS's failure to obtain a license is the statutory violation upon which the negligence per se claim is based. The alleged injury is the traffic citation and resulting fine. Therefore, for purposes of proximate cause, the question is whether ACS's failure to obtain an investigator's license was the cause-in-fact of Ward receiving a traffic citation and fine.

In her response to ACS's motion for summary judgment, Ward offered no evidence that the absence of an investigator's license had any effect on ACS's right or ability to obtain the contract with the City of Dallas, install or operate the red light camera, or transmit data to the city. Thus, there was nothing to establish that the absence of a license was a substantial factor in causing the injury. Indeed, there was nothing to indicate that the absence of a license factored in the issuance of the citation or assessment of the fine at all. Because the record reflects that the uncontested act of running a red light rather than ACS's failure to obtain an investigator's license was the cause-in-fact of any injury, the trial court did not err in concluding ACS was entitled to judgment as a matter of law. Ward's challenge to the

summary judgment based upon the occupations code is overruled.

■ We next address Ward's challenge to the summary judgment on her claim under the TDCA. *See* TEX. FIN.CODE ANN. § 392.001 (West 2006). Ward asserts that the reporting of the ticket to credit reporting agencies violates the statute. ACS responds that the complaint has not been preserved for our review. We agree with ACS.

In her response to ACS's motion for summary judgment, Ward stated: "plaintiff's per se claim under the Texas Finance Code has been abandoned. Plaintiff has abandoned this claim and has instead filed a claim under [the transportation code]." When Ward abandoned her claim in the trial court, she waived the right to complain about that claim on appeal. *See Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 339 (Tex.App.-San Antonio 2000, pet. denied).

■ Ward also contends the trial court erred in granting summary judgment on her negligence per se claim under TEX. TRANSP. CODE ANN. § 707.003 (West Supp. 2010). Specifically, Ward argues ACS violated the statute by reporting her unpaid fine to credit agencies. ACS responds that the statute does not apply because the contract between ACS and the City of Dallas was executed before the effective date of the statute. ACS further asserts that Ward's civil penalty was not imposed under Chapter 707.

The section of the statute upon which Ward relies provides that a local authority or the person with which the local authority contracts may not provide information about a civil penalty imposed under the statute to a credit bureau. *See* TEX.

TRANSP. CODE ANN. § 707.003(h) (West Supp.2010). By its terms, the statute became effective on September 1, 2007, and the Texas Legislature expressly stated that section 707.003 "applies only to a contract entered into on or after the effective date of [the] Act." *See* TEX. TRANSP. CODE ANN. § 707.003, historical note (West Supp. 2010) [Acts 2007, 80th Leg., R.S. Ch. 1149, § 9, 2007 Tex. Sess. Law Serv. ch. 1149]. It is undisputed that the contract between ACS and the City of Dallas was signed on October 31, 2006. Because the contract was not entered into on or before the legislatively prescribed date, the statute does not apply and the trial court did not err in concluding that ACS is entitled to judgment as a matter of law. *See Verrando v. ACS State and Local Solutions, Inc.*, No. 3:08–CV–2241–G, 2009 WL 2958370, at * 5 (N.D.Tex. Sept. 15, 2009) (concluding statute inapplicable to this contract on a motion to dismiss).

Within the context of her proximate cause argument, Ward also appears to argue that ACS's lack of a license rendered the evidence of the red light violation inadmissible because it was illegally obtained. According to Ward, she was required to pay fines "due to the presentation of the illegally obtained evidence" and "the resulting issuance of ... citations." There is nothing in the summary judgment record, however, to establish that ACS's failure to acquire a license would or could have any exclusionary effect on the admissibility of the evidence concerning the red light violation.[3] Moreover, even if the evidence was inadmissible, Ward fails to explain how this might impact the proximate cause analysis. Ward's challenge to the summary judgment based upon the transportation code is overruled.

**3.** In addition, Ward not only failed to object to this summary judgment evidence, but in-

cluded it in her response.

Having resolved all of Ward's issues against her, we affirm the trial court's judgment.