

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00195-CV

| | |
|---|---|
| MELISSA MAIBERG ESTACIO DE FREITAS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ANDRE ESTACIO DE FREITAS, AND CARLA MARIA CORREA AGUIAR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ADRIANO EMERIM PINNA, AND AS NEXT FRIEND OF LUIZA AGUIAR PINNA, A MINOR, AND ARTHUR AGUIAR EMERIM PINNA, A MINOR | APPELLANTS AND APPELLEES |

V.

| | |
|---|---|
| ROLLS-ROYCE CORPORATION | APPELLEE AND APPELLANT |

----------

### FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

### **MEMORANDUM OPINION**[1]

----------

[1]*See* Tex. R. App. P. 47.4.

Appellants Melissa Maiberg Estacio De Freitas, individually and on behalf of the Estate of Andre Estacio De Freitas (Maiberg) and Carla Maria Correa Aguiar, individually and on behalf of the Estate of Adriano Emerim Pinna, and as next friend of Luiza Aguiar Pinna, a minor, and Arthur Aguiar Emerim Pinna, a minor (Aguiar) (collectively the Heirs) appeal from the trial court's take-nothing judgment following a jury trial on their claims against Appellee Rolls-Royce Corporation.[2]  In one issue, they argue that the trial court erred by not applying the "most significant relationship test" and by consequently applying the wrong law to the issue of liability.  Because the Heirs voluntarily dropped their claims to which they assert Brazilian law applies, we affirm.

**Background**

In 1985, the Brazilian navy purchased a helicopter engine that had been designed by the Detroit Diesel Allison Division of General Motors and tested, manufactured, and distributed by the Allison Gas Turbine Division of General Motors.  In 2005, this engine was in use in a Bell helicopter that was owned and operated by the Brazilian navy.  The engine's compressor had been sold by the Allison Gas Turbine Division in 1973, and the helicopter's compressor wheel had had been sold and delivered by that division in 1987.  On June 27, 2005, Adriano

---

[2]Rolls-Royce filed a notice of appeal, intending to assert a conditional cross-point.  In its brief, however, Rolls-Royce stated that it had decided not to pursue its conditional cross-point.

Emerim Pinna and Andre Estacio De Freitas, both citizens of Brazil, were killed in a crash while piloting the helicopter in Brazil.

In June 2007, Pinna's heirs (represented by Aguiar) and Freitas's heirs (represented by Maiberg) filed suit in Tarrant County against Bell Helicopter Textron Inc. (Bell). They originally filed two separate suits, but the suits were consolidated.

The Heirs also sued Rolls-Royce Corporation, which in 1995 had acquired the stock of the company that had bought the Allison Gas Turbine Division from General Motors. The Heirs alleged that venue was proper in Tarrant County because Bell maintains its principal place of business there. Rolls-Royce is a Delaware corporation that maintains its principal place of business in Indianapolis, Indiana. The Heirs alleged claims of (1) strict liability based on design defect; (2) negligence in the "marketing, testing, assembling, inspection, distribution, design and/or manufacture of the helicopter and its engine and component parts"; and (3) negligence "in failing to warn [Freitas] and others of the dangers posed by the defective product."

Rolls-Royce filed a motion to dismiss for forum non conveniens. In the motion, Rolls-Royce argued that "[v]irtually all of the evidence in this case lies in Brazil," that Tarrant County "has absolutely no connection to [the Heirs] or any event that led to this litigation," and that "public interest factors also strongly support dismissal." Rolls-Royce asserted as a factor favoring dismissal that the trial court had an interest in avoiding choice of law issues regarding liability, negligence law, product liability law, and damages.

3

In response, the Heirs argued among other things that Bell would not consent to suit in Brazil, that "United States law will likely govern [the Heirs'] claims," and that "United States state law will certainly apply to [the Heirs'] tort claims."

The trial court denied Rolls-Royce's motion to dismiss. In July 2009, the Heirs filed a notice of nonsuit on their claims against Bell, and, accordingly, the trial court dismissed the claims against Bell.

In March 2010, Rolls-Royce filed a combined traditional and no-evidence motion for summary judgment. Among other grounds, Rolls-Royce asserted that the statute of repose—the federal General Aviation Revitalization Act of 1994[3]—barred the Heirs' claims and that under Texas law, Rolls-Royce had no duty to warn of any dangers posed by the engine because it did not design, manufacture, market, or sell the engine, compressor, or compressor wheel. Rolls-Royce also asserted that there was no evidence of most of the elements of a strict liability claim for defective design.

The Heirs filed a response, as well as a Notice of Intent to Raise Issue Concerning Brazilian Law, in which they stated that "Brazilian law applies to all issues raised in this case." On April 15, 2010, the trial court granted summary judgment for Rolls-Royce and ordered that the Heirs take nothing. But on May 13, 2010, the trial court vacated that order.

---

[3] 49 U.S.C.A. § 40101, Note, § 2 (West 2007).

On June 9, 2010, the trial court held a hearing on the summary judgment motion and to determine what forum's law would be applicable. After hearing argument, the trial court decided that Texas law would apply. The court then heard the parties' arguments regarding summary judgment. The trial court indicated that none of the Heirs' asserted causes of action were viable. The Heirs argued that they had viable claims for negligent instruction and negligent undertaking but conceded that those claims were not in their pleadings.

The trial court stated that it would grant the summary judgment, and the Heirs asked "for leave to amend the petition to assert the negligence that we have been talking about." The trial court gave permission for the Heirs "to file a motion to reconsider along with the petition." The trial court signed an order that day granting summary judgment for Rolls-Royce.

On July 8, 2010, the Heirs filed a motion for new trial or for reconsideration, asking the trial court to reconsider its order "in its totality." The motion asked the trial court to allow the Heirs to more specifically plead their negligence and negligent undertaking claims. The Heirs also argued once more that Brazilian law applied to the case and that therefore the summary judgment should not stand.

Maiberg filed a motion for leave to amend her petition on the same date. This motion stated that at the June 9 hearing, the trial court "appeared specially concerned with [Maiberg's] failure to have more explicitly pled her general negligence and negligent undertaking claims," and, accordingly, Maiberg requested that she be allowed to "cure the alleged pleading deficiencies by amendment."

In the attached amended petition, Maiberg asserted that (1) "[*u*]*nder Brazilian law* or any other applicable law," Rolls-Royce was negligent in its failure to issue proper instructions regarding the use of un-coated compressor wheels; (2) Rolls-Royce had negligently undertaken providing its customers and operators with proper service bulletins, manuals, and guidelines; and (3) maintenance instructions put out by Rolls-Royce were inadequate. [Emphasis added.] Aguiar's proposed amended petition asserted identical claims.

In August, 2010, the trial court held a hearing on the Heirs' motion for new trial. The Heirs argued that the trial court had granted the summary judgment on defective pleadings, and they asked the trial court

> to set aside the summary judgment to allow repleading, and then if Rolls-Royce then—if the Court is still inclined to, on the choice of law decision, to apply Texas law, then we all know that. If the Court wants to revisit that issue, then we can revisit it, and then allow repleading and then a summary judgment.

In its argument, Rolls-Royce argued that the summary judgment had not been granted based on defective pleadings and that the Heirs should not be allowed to replead to assert two new causes of action. After hearing the parties' arguments, the trial court signed an order granting the Heirs a new trial. The order did not specify the trial court's reason for granting the new trial.

On September 9, 2010, Maiberg filed another motion for leave to amend her petition. Whereas in her prior motion she had stated the need to cure pleading deficiencies as the reason for the requested amendment, this time she asserted that she wanted to amend in order to "properly reflect the Court's ruling" that Texas law

6

governed the claims. Aguiar filed a similar motion on the same date, giving the same reasoning. The trial court granted the motions on November 24, 2010. In the amended pleadings, the Heirs no longer included a claim for product liability.

The case proceeded to jury trial. The Heirs submitted a proposed jury charge "under Brazilian law." The charge included a general negligence question and questions on defective design and defective marketing. At the charge conference, the Heirs told the trial court that they had submitted the charge "understanding the Court's rulings, just to preserve the issue."

The charge submitted by the trial court included a negligence question but did not include a design or marketing defect question. The jury found that the Brazilian navy was negligent and that Rolls-Royce was not negligent. The trial court signed a judgment that ordered that the Heirs take nothing. The Heirs now appeal.

**Analysis**

The Heirs bring one issue on appeal. In three subparts, they ask whether the trial court erred by failing to apply the "most significant relationship test" in making a choice-of-law determination, whether any such error resulted in the application of the wrong jurisdiction's law to the dispositive issue of liability, and whether the application of the wrong law probably resulted in the rendition of an improper judgment. They argue that because the trial court erred by not applying the "most significant relationship test," the court erroneously applied Texas law to the issue of liability and that the jury therefore "was deprived of proper instruction on Brazilian

7

products liability law, which holds a successor corporation strictly liable for defective products manufactured by a company that the successor corporation owns."

Rolls-Royce points out that the Heirs voluntarily dropped their product liability claims months before trial, and consequently, any conflict between Texas and Brazilian law regarding product liability claims became immaterial to the judgment. Rolls-Royce is correct that prior to trial, the Heirs amended their pleadings and dropped the product liability claims. Rule 278 of the rules of civil procedure requires the trial court to submit to the jury the questions, instructions, and definitions that are raised by the written pleadings.[4] Similarly, rule 301 of the rules of civil procedure requires the trial court's judgment to conform to the pleadings.[5] At the time of trial, the Heirs' pleadings no longer included the claims to which they say the trial court erroneously applied Texas law. Under rule 278, the trial court could not submit a jury question on the omitted claims,[6] and under rule 301, the trial court could not render a judgment on the omitted claims.[7]

---

[4]Tex. R. Civ. P. 278.

[5]Tex. R. Civ. P. 301; *see also Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) (stating that "a judgment must be supported by the pleadings and, if not so supported, it is erroneous").

[6]*See* Tex. R. Civ. P. 278; *Harris Cnty. v. Smith*, 96 S.W.3d 230, 236 (Tex. 2002) ("[T]he trial court's duty is to submit only those questions, instructions, and definitions raised by the pleadings and the evidence."); *Crowson v. Bowen*, 320 S.W.3d 486, 488–89 (Tex. App.—Fort Worth 2010, no pet.) (holding that the trial court abused its discretion by submitting a jury question that was neither supported by the pleadings nor tried by consent).

[7]*See* Tex. R. Civ. P. 301; *Cunningham*, 660 S.W.2d at 813.

The Heirs argue in their reply brief that although they amended their petitions to drop the claims, they did so solely because the trial court granted their motion for new trial "only for the limited purpose of repleading their claims as those sounding in negligent undertaking as opposed to strict product liability." But the Heirs do not direct us to any place in the record showing that the trial court only allowed them to amend their pleadings in order to drop the product liability claims,[8] and we have not found any such order by the trial court. To the contrary, at the conclusion of the choice of law and summary judgment hearing, when the Heirs asked for leave to amend their petition to assert "the negligence that we have been talking about," the trial court told the Heirs' attorney, "if you want to file a motion to reconsider along with the petition, *you can do that*." [Emphasis added.]

The Heirs then filed a motion for new trial or for reconsideration, asking the trial court to reconsider its order "in its totality" and arguing once more that Brazilian law applied to the case. And at the hearing on the motion for new trial, the Heirs' attorney mentioned to the trial court that if the court wanted to "revisit [the choice of law] issue, then we can revisit it, and then allow repleading." The trial court granted

---

[8]*See* Tex. R. App. P. 38.1(i); *Akin v. Santa Clara Land Company, Ltd.*, 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied) (overruling Akin's argument that the trial court erred by granting partial summary judgment on her DTPA and negligence claims and holding that "[b]y amending her pleading and eliminating the DTPA and negligence references, Akin abandoned those claims" and therefore waived any error regarding those claims); *see also Ward v. ACS State & Local Solutions, Inc.*, 328 S.W.3d 648, 653 (Tex. App.—Dallas 2010, no pet.) (holding that when Ward abandoned her finance code claim in the trial court, she waived any right to complain about that claim on appeal).

9

the motion for new trial without limitation.[9]  This action by the trial court put the case back in the same position it had been in before the court granted summary judgment based on the application of Texas law.[10]

As we stated, from our review of the record, we have not found any indication that the trial court ordered the Heirs to drop their claims or that the Heirs alerted the trial court to their objection to dropping the claims to which they asserted Brazilian law should apply.  Nothing that the Heirs have pointed out or that we have found in the record indicates that the decision to amend their pleadings in order to "properly reflect the Court's ruling" about the application of Texas law was anything but voluntary.  And although the Heirs later submitted a proposed jury charge including the claims under Brazilian law, they had not amended their pleadings to include any such claims, nor had they introduced evidence on those claims.  The trial court consequently could not have included the claims in the charge even if it had wanted to.[11]  Accordingly, we hold that the trial court did not err by not applying Brazilian law

---

[9]*Cf. Hall v. Stephenson*, 919 S.W.2d 454, 461 (Tex. App.—Fort Worth 1996, writ denied) (noting that the trial court had granted the appellant's motion for new trial "on certain limited questions"); *Primrose Operating Co., Inc. v. Senn*, 161 S.W.3d 258, 260 (Tex. App.—Eastland 2005, pet. denied) (noting that the trial court granted a motion for new trial only as to one issue).

[10]*See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (stating that "when the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over").

[11]*See* Tex. R. Civ. P. 278.

or by not including an instruction on Brazilian law in the jury charge. We therefore overrule the Heirs' sole issue.[12]

Having overruled the Heirs' sole issue, we affirm the trial court's judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: July 12, 2012

---

[12]*See Ward*, 328 S.W.3d at 653; *Akin*,34 S.W.3d at 339.