02-11-195-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00195-CV

 

 


 
 
 Melissa Maiberg Estacio De Freitas, Individually
 and on Behalf of the Estate of Andre Estacio De Freitas, and Carla Maria
 Correa Aguiar, Individually and on Behalf of the Estate of Adriano Emerim
 Pinna, and as Next Friend of Luiza Aguiar Pinna, a minor, and Arthur Aguiar
 Emerim Pinna, a minor
 
 
  
 
 
 APPELLANTS
 AND APPELLEES
 
 
 
 
  
 V.
  
 
 
 
 
 Rolls-Royce Corporation
 
 
  
 
 
 APPELLEE
 AND APPELLANT
 
 


 

 

----------

FROM THE 141st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellants
Melissa Maiberg Estacio De Freitas, individually and on behalf of the Estate of
Andre Estacio De Freitas (Maiberg) and Carla Maria Correa Aguiar, individually
and on behalf of the Estate of Adriano Emerim Pinna, and as next friend of
Luiza Aguiar Pinna, a minor, and Arthur Aguiar Emerim Pinna, a minor (Aguiar)
(collectively the Heirs) appeal from the trial court’s take-nothing judgment following
a jury trial on their claims against Appellee Rolls-Royce Corporation.[2]  In
one issue, they argue that the trial court erred by not applying the “most
significant relationship test” and by consequently applying the wrong law to
the issue of liability.  Because the Heirs voluntarily dropped their claims to
which they assert Brazilian law applies, we affirm.

Background

In
1985, the Brazilian navy purchased a helicopter engine that had been designed
by the Detroit Diesel Allison Division of General Motors and tested,
manufactured, and distributed by the Allison Gas Turbine Division of General
Motors.  In 2005, this engine was in use in a Bell helicopter that was owned
and operated by the Brazilian navy.  The engine’s compressor had been sold by
the Allison Gas Turbine Division in 1973, and the helicopter’s compressor wheel
had had been sold and delivered by that division in 1987.  On June 27, 2005,
Adriano Emerim Pinna and Andre Estacio De Freitas, both citizens of Brazil,
were killed in a crash while piloting the helicopter in Brazil.

In
June 2007, Pinna’s heirs (represented by Aguiar) and Freitas’s heirs
(represented by Maiberg) filed suit in Tarrant County against Bell Helicopter
Textron Inc. (Bell).  They originally filed two separate suits, but the suits
were consolidated.

The
Heirs also sued Rolls-Royce Corporation, which in 1995 had acquired the stock
of the company that had bought the Allison Gas Turbine Division from General
Motors.  The Heirs alleged that venue was proper in Tarrant County because Bell
maintains its principal place of business there.  Rolls-Royce is a Delaware
corporation that maintains its principal place of business in Indianapolis,
Indiana.  The Heirs alleged claims of (1) strict liability based on design
defect; (2) negligence in the “marketing, testing, assembling, inspection,
distribution, design and/or manufacture of the helicopter and its engine and
component parts”; and (3) negligence “in failing to warn [Freitas] and others
of the dangers posed by the defective product.”

Rolls-Royce
filed a motion to dismiss for forum non conveniens.  In the motion, Rolls-Royce
argued that “[v]irtually all of the evidence in this case lies in Brazil,” that
Tarrant County “has absolutely no connection to [the Heirs] or any event that
led to this litigation,” and that “public interest factors also strongly
support dismissal.”  Rolls-Royce asserted as a factor favoring dismissal that
the trial court had an interest in avoiding choice of law issues regarding
liability, negligence law, product liability law, and damages.

In
response, the Heirs argued among other things that Bell would not consent to
suit in Brazil, that “United States law will likely govern [the Heirs’]
claims,” and that “United States state law will certainly apply to [the Heirs’]
tort claims.”

The
trial court denied Rolls-Royce’s motion to dismiss.  In July 2009, the Heirs
filed a notice of nonsuit on their claims against Bell, and, accordingly, the
trial court dismissed the claims against Bell.

In
March 2010, Rolls-Royce filed a combined traditional and no-evidence motion for
summary judgment.  Among other grounds, Rolls-Royce asserted that the statute
of repose—the federal General Aviation Revitalization Act of 1994[3]—barred
the Heirs’ claims and that under Texas law, Rolls-Royce had no duty to warn of
any dangers posed by the engine because it did not design, manufacture, market,
or sell the engine, compressor, or compressor wheel.  Rolls-Royce also asserted
that there was no evidence of most of the elements of a strict liability claim for
defective design.

The
Heirs filed a response, as well as a Notice of Intent to Raise Issue Concerning
Brazilian Law, in which they stated that “Brazilian law applies to all issues
raised in this case.”  On April 15, 2010, the trial court granted summary
judgment for Rolls-Royce and ordered that the Heirs take nothing.  But on May
13, 2010, the trial court vacated that order.

On
June 9, 2010, the trial court held a hearing on the summary judgment motion and
to determine what forum’s law would be applicable.  After hearing argument, the
trial court decided that Texas law would apply.  The court then heard the
parties’ arguments regarding summary judgment.  The trial court indicated that
none of the Heirs’ asserted causes of action were viable.  The Heirs argued
that they had viable claims for negligent instruction and negligent undertaking
but conceded that those claims were not in their pleadings.

The
trial court stated that it would grant the summary judgment, and the Heirs
asked “for leave to amend the petition to assert the negligence that we have
been talking about.”  The trial court gave permission for the Heirs “to file a
motion to reconsider along with the petition.”  The trial court signed an order
that day granting summary judgment for Rolls-Royce.

On
July 8, 2010, the Heirs filed a motion for new trial or for reconsideration,
asking the trial court to reconsider its order “in its totality.”  The motion
asked the trial court to allow the Heirs to more specifically plead their
negligence and negligent undertaking claims.  The Heirs also argued once more that
Brazilian law applied to the case and that therefore the summary judgment
should not stand.

Maiberg
filed a motion for leave to amend her petition on the same date.  This motion
stated that at the June 9 hearing, the trial court “appeared specially concerned
with [Maiberg’s] failure to have more explicitly pled her general negligence
and negligent undertaking claims,” and, accordingly, Maiberg requested that she
be allowed to “cure the alleged pleading deficiencies by amendment.”

In
the attached amended petition, Maiberg asserted that (1) “[u]nder
Brazilian law or any other applicable law,” Rolls-Royce was negligent in
its failure to issue proper instructions regarding the use of un-coated
compressor wheels; (2) Rolls-Royce had negligently undertaken providing its
customers and operators with proper service bulletins, manuals, and guidelines;
and (3) maintenance instructions put out by Rolls-Royce were inadequate. [Emphasis
added.]  Aguiar’s proposed amended petition asserted identical claims.

In
August, 2010, the trial court held a hearing on the Heirs’ motion for new
trial.  The Heirs argued that the trial court had granted the summary judgment
on defective pleadings, and they asked the trial court

to set aside the summary judgment to allow repleading, and
then if Rolls-Royce then—if the Court is still inclined to, on the choice of
law decision, to apply Texas law, then we all know that.  If the Court wants to
revisit that issue, then we can revisit it, and then allow repleading and then
a summary judgment.

In
its argument, Rolls-Royce argued that the summary judgment had not been granted
based on defective pleadings and that the Heirs should not be allowed to
replead to assert two new causes of action.  After hearing the parties’
arguments, the trial court signed an order granting the Heirs a new trial.  The
order did not specify the trial court’s reason for granting the new trial.

On
September 9, 2010, Maiberg filed another motion for leave to amend her
petition.  Whereas in her prior motion she had stated the need to cure pleading
deficiencies as the reason for the requested amendment, this time she asserted
that she wanted to amend in order to “properly reflect the Court’s ruling” that
Texas law governed the claims.  Aguiar filed a similar motion on the same date,
giving the same reasoning.  The trial court granted the motions on November 24,
2010.  In the amended pleadings, the Heirs no longer included a claim for product
liability.

The
case proceeded to jury trial.  The Heirs submitted a proposed jury charge
“under Brazilian law.”  The charge included a general negligence question and
questions on defective design and defective marketing.  At the charge
conference, the Heirs told the trial court that they had submitted the charge
“understanding the Court’s rulings, just to preserve the issue.”

The
charge submitted by the trial court included a negligence question but did not
include a design or marketing defect question.  The jury found that the
Brazilian navy was negligent and that Rolls-Royce was not negligent.  The trial
court signed a judgment that ordered that the Heirs take nothing.  The Heirs
now appeal.

Analysis

The
Heirs bring one issue on appeal.  In three subparts, they ask whether the trial
court erred by failing to apply the “most significant relationship test” in
making a choice-of-law determination, whether any such error resulted in the
application of the wrong jurisdiction’s law to the dispositive issue of
liability, and whether the application of the wrong law probably resulted in
the rendition of an improper judgment.  They argue that because the trial court
erred by not applying the “most significant relationship test,” the court
erroneously applied Texas law to the issue of liability and that the jury
therefore “was deprived of proper instruction on Brazilian products liability
law, which holds a successor corporation strictly liable for defective products
manufactured by a company that the successor corporation owns.”

Rolls-Royce
points out that the Heirs voluntarily dropped their product liability claims
months before trial, and consequently, any conflict between Texas and Brazilian
law regarding product liability claims became immaterial to the judgment.  Rolls-Royce
is correct that prior to trial, the Heirs amended their pleadings and dropped
the product liability claims.  Rule 278 of the rules of civil procedure
requires the trial court to submit to the jury the questions, instructions, and
definitions that are raised by the written pleadings.[4] 
Similarly, rule 301 of the rules of civil procedure requires the trial court’s
judgment to conform to the pleadings.[5]  At the time of trial,
the Heirs’ pleadings no longer included the claims to which they say the trial
court erroneously applied Texas law.  Under rule 278, the trial court could not
submit a jury question on the omitted claims,[6] and under rule 301, the
trial court could not render a judgment on the omitted claims.[7]

The
Heirs argue in their reply brief that although they amended their petitions to
drop the claims, they did so solely because the trial court granted their
motion for new trial “only for the limited purpose of repleading their claims
as those sounding in negligent undertaking as opposed to strict product
liability.”  But the Heirs do not direct us to any place in the record showing
that the trial court only allowed them to amend their pleadings in order to
drop the product liability claims,[8] and we have not found any
such order by the trial court.  To the contrary, at the conclusion of the choice
of law and summary judgment hearing, when the Heirs asked for leave to amend their
petition to assert “the negligence that we have been talking about,” the trial
court told the Heirs’ attorney, “if you want to file a motion to reconsider
along with the petition, you can do that.” [Emphasis added.]

The
Heirs then filed a motion for new trial or for reconsideration, asking the
trial court to reconsider its order “in its totality” and arguing once more
that Brazilian law applied to the case.  And at the hearing on the motion for
new trial, the Heirs’ attorney mentioned to the trial court that if the court
wanted to “revisit [the choice of law] issue, then we can revisit it, and then
allow repleading.”  The trial court granted the motion for new trial without
limitation.[9]  This action by the trial
court put the case back in the same position it had been in before the court
granted summary judgment based on the application of Texas law.[10]

As
we stated, from our review of the record, we have not found any indication that
the trial court ordered the Heirs to drop their claims or that the Heirs
alerted the trial court to their objection to dropping the claims to which they
asserted Brazilian law should apply.  Nothing that the Heirs have pointed out
or that we have found in the record indicates that the decision to amend their
pleadings in order to “properly reflect the Court’s ruling” about the
application of Texas law was anything but voluntary.  And although the Heirs
later submitted a proposed jury charge including the claims under Brazilian
law, they had not amended their pleadings to include any such claims, nor had
they introduced evidence on those claims.  The trial court consequently could
not have included the claims in the charge even if it had wanted to.[11]  Accordingly, we
hold that the trial court did not err by not applying Brazilian law or by not
including an instruction on Brazilian law in the jury charge.  We therefore
overrule the Heirs’ sole issue.[12]

Having
overruled the Heirs’ sole issue, we affirm the trial court’s judgment.

 

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DELIVERED:  July 12, 2012









[1]See Tex. R. App. P. 47.4.





[2]Rolls-Royce filed a notice
of appeal, intending to assert a conditional cross-point.  In its brief,
however, Rolls-Royce stated that it had decided not to pursue its conditional
cross-point.





[3]49 U.S.C.A. § 40101, Note,
§ 2 (West 2007).





[4]Tex. R. Civ. P. 278.





[5]Tex. R. Civ. P. 301; see
also Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983) (stating
that “a judgment must be supported by the pleadings and, if not so supported,
it is erroneous”).





[6]See Tex. R. Civ. P.
278; Harris Cnty. v. Smith, 96 S.W.3d 230, 236 (Tex. 2002) (“[T]he trial
court’s duty is to submit only those questions, instructions, and definitions
raised by the pleadings and the evidence.”); Crowson v. Bowen, 320
S.W.3d 486, 488–89 (Tex. App.—Fort Worth 2010, no pet.) (holding that the trial
court abused its discretion by submitting a jury question that was neither
supported by the pleadings nor tried by consent).





[7]See Tex. R. Civ. P.
301; Cunningham, 660 S.W.2d at 813.





[8]See Tex. R. App. P.
38.1(i); Akin v. Santa Clara Land Company, Ltd., 34 S.W.3d 334, 339
(Tex. App.—San Antonio 2000, pet. denied) (overruling Akin’s argument that the
trial court erred by granting partial summary judgment on her DTPA and
negligence claims and holding that “[b]y amending her pleading and eliminating
the DTPA and negligence references, Akin abandoned those claims” and therefore
waived any error regarding those claims); see also Ward v. ACS State &
Local Solutions, Inc., 328 S.W.3d 648, 653 (Tex. App.—Dallas 2010, no pet.)
(holding that when Ward abandoned her finance code claim in the trial court,
she waived any right to complain about that claim on appeal).





[9]Cf. Hall v. Stephenson,
919 S.W.2d 454, 461 (Tex. App.—Fort Worth 1996, writ denied) (noting that the
trial court had granted the appellant’s motion for new trial “on certain
limited questions”); Primrose Operating Co., Inc. v. Senn, 161 S.W.3d
258, 260 (Tex. App.—Eastland 2005, pet. denied) (noting that the trial court
granted a motion for new trial only as to one issue).





[10]See Wilkins v.
Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005) (stating that
“when the trial court grants a motion for new trial, the court essentially
wipes the slate clean and starts over”).





[11]See Tex. R. Civ.
P. 278.





[12]See Ward, 328
S.W.3d at 653; Akin,34 S.W.3d at 339.